# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

DEAN BRYAN DAVIDSON,                )
                                    )
              Plaintiff,            )
                                    )
       v.                           )          No. 4:18-CV-247 RWS
                                    )
FULTON STATE HOSPITAL, et al.,      )
                                    )
              Defendants.           )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Dean Bryan Davidson, a detainee at the Southeast Missouri Mental Health Center ("SEMHC"), for leave to proceed in forma pauperis in this civil action filed pursuant to 42 U.S.C. § 1983. The Court has reviewed the financial information submitted in support, and will grant the motion. In addition, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Named as defendants are Fulton State Hospital and SEMHC. Plaintiff states that he sues both defendants in their official and individual capacities.

Plaintiff alleges that he is being wrongfully detained; that staff has opened and read his legal mail; that he was lost in the shuffle when he was about to be discharged from Fulton State Hospital; that the United States Patent and Trademark Office thinks he has abandoned his inventions, possibly costing him millions in royalties; that "they" are practicing illegal authority over plaintiff under the Constitution of the United States; that he is being kept at SEMHC voluntarily by his guardian because of his brain trauma injury; that he has been discriminated against because of his religion and his Native American heritage; and that he has been slandered religiously and ridiculed and humiliated, ruining his reputation as an ordained minister.

Plaintiff seeks damages in the amount of $1,000,000 for pain and suffering, $150,000 per defendant for restitution for interfering with his mail, and $1,000,000 for defendants' refusal to allow him to obtain patents on his inventions.

## Discussion

The instant complaint alleges the same claims based upon the same facts as a prior complaint filed by plaintiff and dismissed by this Court pursuant to 28 U.S.C. § 1915(e). *See Davidson v. Fulton State Hosp.*, No. 4:18-CV-103 RLW (E.D. Mo., filed Jan. 29, 2018). While

the dismissal of the prior complaint "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint, a § 1915(e) dismissal has res judicata effect 'on frivolousness determinations for future in forma pauperis petitions.'" *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (per curiam) (quoting *Denton v. Hernandez*, 504 U.S. 25 (1992)); *see also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions). Accordingly, the Court determines that the § 1915(e) dismissal of plaintiff's prior case has res judicata effect and establishes that this complaint, making the same allegations based upon the same facts, is frivolous for § 1915(e) purposes.[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to consolidate cases is **DENIED** as moot. [ECF No. 4]

An order of dismissal will accompany this memorandum and order.

Dated this 8th day of June, 2018.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

---

[1] Additionally, because SEMHC and Fulton State Hospital are entities of the State of Missouri, plaintiff's claims against them are barred by the Eleventh Amendment, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).